UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO D.C.G., | No. 1:26-cv-03131-RLP |
| Petitioner, | ORDER GRANTING HABEAS PETITION |
| v. | |
| WARDEN, CALIFORNIA CITY DETETION FACILITY, et. al, | |
| Respondents. | |

Before the Court is Petitioner Ramiro D.C.G's[1] ("Petitioner") petition for

---

[1]As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

ORDER GRANTING HABEAS PETITION * 1

writ of habeas corpus. ECF No. 1. For the reasons set forth below, Petitioner's petition for habeas corpus is granted.

## BACKGROUND

Petitioner entered the United States without inspection on or about October 20, 2006. He has remained in the United States since, marrying a United States citizen and maintaining employment as a landscaper.

Petitioner was arrested on September 12, 2025 for driving under the influence and taken to the Palm Beach County Jail. Immigrations and Customs Enforcement ("ICE") received information that he was in the country illegally, which was confirmed by biometric information provided to the Department of Homeland Security ("DHS") by the Palm Beach County Sheriff's Office. ICE submitted an immigration detainer to the Palm Beach County Jail and in March 2026 Petitioner was transferred to federal custody. He is currently held at the California City Detention Facility.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody."

ORDER GRANTING HABEAS PETITION * 2

*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

ANALYSIS

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violates the Immigration and Nationality Act ("INA"), the Administrative Procedures Act ("APA), the Fifth Amendment Due Process Clause, as well as regulations DHS and Executive Office for Immigration Review ("EOIR")

Respondent do not substantively address Petitioner's due process arguments; rather, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) of the Immigration and Nationality Act without a bond hearing. ECF No. 7 at 2.  The Court considers both arguments, starting with the Respondent's contention that the INA justifies continued detention.

IMMIGRATION & NATIONALITY ACT

The INA authorizes the Government to detain "certain aliens seeking admission into the country" (Section 1225) and "certain aliens already in the

ORDER GRANTING HABEAS PETITION * 3

country pending the outcome of removal proceedings." (Section 1226) *Jennings v. Rodriquez*, 583 U.S. 281, 289, 138 S.Ct. 830 (2016).

The sections differ in terms of the process for detention. Section 1225(b)(2)(A) provides that "applicants for admission" must be detained for removal proceedings if the examining immigration officer determines "beyond a doubt" that the alien is not entitled to admission. Other than some limited exceptions, detention under § 1225(b)(2) is considered mandatory. *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475 (S.D.N.Y. 2025)).

Section 1226(a), on the other hand, sets out the "default rule" for noncitizens already present in the country. *Jennings v. Rodriquez*, 583 U.S. 281, 288, 138 S.Ct. 830 (2016). Under this discretionary rule, "[a]n immigration officer makes the initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)). At any such bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge ... that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Id.* (citing *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017)).

ORDER GRANTING HABEAS PETITION * 4

This Court joins countless other courts in concluding Respondent's proposed interpretation "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (collecting cases).

Having been deprived a bond hearing or any opportunity to establish that he does not present a danger to national security or pose a risk of flight, the Court concludes Petitioner is not subject to mandatory detention under Section 1225(b)(2)(A) and was thus wrongfully denied a bond hearing under Section 1226(a).

## FIFTH AMENDMENT DUE PROCESS CLAUSE

The Fifth Amendment Due Process Clause ensures against the deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also to immigration proceedings, including detention and deportation proceedings. *Id*. at 693-94.

ORDER GRANTING HABEAS PETITION * 5

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

*a. Protected Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Although Petitioner was taken into custody after being arrested for DUI, the Government has not provided a valid warrant for Petitioner's transfer to federal immigration custody despite being ordered to do so. There appears to be no lawful basis for his continued detention.

ORDER GRANTING HABEAS PETITION * 6

The Court therefore finds that Petitioner has a liberty interest protected by the Constitution.

### b. Process Required

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, Petitioner has a substantial private interest in his own liberty. He has been unlawfully detained for one month. He indicates he was the primary financial provider for his four-year-old child and partner and there is no income while he is indefinitely detained. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

As to the second factor, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Petitioner has not received a bond or custody determination. Because civil immigration detention is "nonpunitive in purpose and

ORDER GRANTING HABEAS PETITION * 7

effect," due process requires that a "special justification" outweigh Petitioner's protected liberty interest. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner alleges that he has received virtually no procedural safeguards, which Respondent has failed to dispute. *Hernandez*, 872 F.3d 976. Respondent have not claimed that Petitioner is a danger to the public or a flight risk. Accordingly, the second factor weighs in Petitioner's favor. *See A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

As to the third factor, Respondent has not provided any justification for detaining Petitioner. While the Court recognizes that the Government may have an interest in enforcement of immigration laws, its interest in continued detention without procedural protections is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The cost required to provide Petitioner procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Notice and custody determination hearings are routine processes for Respondent and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

All four *Mathews* factors weigh in favor of Petitioner. The Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker

ORDER GRANTING HABEAS PETITION * 8

before his detention but received neither. Respondent fails to substantively rebut Petitioner's due process claim and do not provide any specific justification for detaining Petitioner without hearing. On this record, the *Mathews* factors demonstrate that the Fifth Amendment Due Process Clause entitles Petitioner to a bond hearing, at a minimum. *See Perera v. Jennings*, 599 F.Supp. 3d 736, 744 (N.D. Cal. 2022).

CONCLUSION

For the reasons discussed above, Petitioner's request for habeas relief is granted. The Court thus declines to address Petitioner's other claims which seek the same or similar relief.

**Accordingly, IT IS ORDERED:**

1.    The petition for writ of habeas corpus, **ECF No. 1**, is **GRANTED.**

2.    **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without

ORDER GRANTING HABEAS PETITION * 9

bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondent fails to provide a timely bond hearing in accordance with this order, Respondent is ordered to immediately release Petitioner.

3. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

DATED April 30, 2026



REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING HABEAS PETITION * 10